## APPEAL OF MAX M. BARKEN DRUG CO.

Docket No. 2961. Submitted October 5, 1925. Decided January 8, 1926.

Certain amounts charged to personal account of president *held* to be distribution of profits.

*Leo Barken* for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of a deficiency in income taxes for the year 1920 in the amount of $739.90. The taxpayer alleges that the Commissioner erred in disallowing deductions from gross income for notes paid, $1,300; Leo Barken, personal, $1,994.27; Christmas gifts, $30; and income tax, $89.20; or a total of $3,413.47; but admitted at the hearing that all of such amounts were properly disallowed, except the item of $1,994.27, representing charges against Barken's personal account, which the Commissioner asserts must be regarded as distribution of profits.

### FINDINGS OF FACT.

The taxpayer is a corporation engaged in the retail drug business at St. Louis, Mo. Practically all the capital stock is owned by the president, Leo Barken, who was manager and bookkeeper during the year 1920. In June and July its books showed receipts in the amount of $1,994.27 in excess of the cash accounted for during that period. Such excess receipts were charged to Barken's personal account.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LANSDON: The issue to be determined in this appeal is whether charging the amount of $1,994.27 to the personal account of Leo Barken during the year in question was in fact a record of actual withdrawals or a mere bookkeeping adjustment without effect on either gross or net income. The taxpayer alleges that it charged Barken's personal account with the seeming shortages for the sole purpose of balancing its books, asserts that it made no corresponding credit entries on its profit and loss account indicating that such amounts were regarded as distributions of profits, and denies that said sums were withdrawn from the business by its president for his own personal use or for any other purpose.

No convincing evidence was adduced to prove whether the apparent shortages resulted from errors in accounting or from actual withdrawals by Barken that were not ticketed and taken into the accounts as such when made. Barken testified that he believed that most of the seeming shortage was caused by erroneously treating amounts

paid in on charge accounts as cash receipts and by subsequent errors in making adjusting entries which had the effect of showing that certain amounts were taken into receipts both as cash for merchandise sold and as payments on customers' charge accounts. On the record the Board must approve the determination of the Commissioner.